FANNIE EMERY ET AL. *vs.* GEORGE R. COOLEY, ADMIN-
ISTRATOR, ET ALS.

Third Judicial District, Bridgeport, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The doctrine of equitable conversion, that is, a constructive alteration
in the nature of property whereby real estate is treated as per-
sonalty, or *vice versa*, is not a rigid, inflexible rule of law, but rests
upon equitable principles which take into account the result which
its application will accomplish in any given case.

As applied in determining the devolution of interests given by will, it
is now well settled that a gift of the proceeds of a sale of real estate,
which the testator positively directs to be sold, will be regarded as
a gift of personalty from the date of his death, even though the
actual conversion of the land into money is not to take place until
some uncertain time in the future; unless this would defeat the
intention of the testator or result in the evasion of some rule of law.

A testatrix gave all her real estate, which consisted of an equity of
redemption, to her husband for life, and directed that at his death
it should be sold, by one named in the will, and that one half of the
proceeds should be paid over to her brother, who was a British
subject residing in Manchester, England. *Held:—*

1. That equity would treat the conversion directed to be made by the
testatrix as having been made immediately upon her death, and
thus uphold the gift to her alien brother.

2. That a foreclosure of the equity of redemption and its conversion
into cash by means of a foreclosure sale, pending the existence of
the life estate, did not alter the situation, the real estate having
already become personalty in the eye of chancery.

The existence of an apparent claim in favor of a decedent, furnishes
sufficient ground for the appointment of an administrator to pursue
it.

The validity of a decree of a Court of Probate appointing an adminis-
trator upon the estate of an alleged testamentary distributee is not
open to attack upon appeal from the order of distribution.

The case of *Clarke's Appeal*, 70 Conn. 195, distinguished.

Argued April 19th—decided June 14th, 1910.

APPEAL by the plaintiffs from an order and decree of
the Court of Probate for the district of New Haven,

requiring one half of the estate of Elizabeth S. Bradley of New Haven, deceased, to be turned over to John Thompson, an alien, or to his legal representative, taken to and tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered confirming the decree of the Court of Probate, from which the plaintiffs appealed. *No error.*

Elizabeth S. Bradley of New Haven died December 17th, 1895, leaving as her next of kin two half-sisters, residents of New Haven, and a half-brother, John Thompson, an alien, resident in Manchester, England. One of the half-sisters has since died. The survivor and the administrator of the estate of the other are the plaintiffs and appellants. Mrs. Bradley left a will, and an estate which, after the payment of debts and charges, consisted wholly of a piece of real estate in New Haven subject to a mortgage. By the will she gave to her husband, who survived her, the life use of all of her estate, and appointed him executor. The language of the instrument concerning the residue is as follows: "I hereby direct and authorize Enos Nichols of the town of New Haven to sell all the real estate that shall remain after the death of my husband and give good title deeds of the same, and shall give one-half of the money arising from the avails of said real estate to my said brother John Thompson, and the other half" etc.

Mr. Bradley, pursuant to the will, continued in the occupancy of the real estate until it was sold under a decree of foreclosure in December, 1899. From the proceeds of the sale the sum of $2,419.71 was received by him as executor, and he had the possession and use of that sum until his death in April, 1907. An administrator *c. t. a.* was then appointed, who now has $2,368.37 of said amount in his hands ready for distribution. He has in his hands no other estate. The Court of Probate

Emery *v.* Cooley.

for the district of New Haven, in which said will was probated and said estate settled, by its decree of September 24th, 1908, directed the administrator to pay over one half of said sum to said Thompson, or his legal representative. James P. Pigott was appointed administrator of the estate of said Thompson, deceased, in April, 1909, and was thereafter admitted as a party to the appeal then pending in the Superior Court.

There is no question presented as to the disposition, made in the Court of Probate order, of the one half of the residue estate not directed to be paid to Thompson.

*William B. Stoddard* and *Robert C. Stoddard,* for the appellants (plaintiffs).

*James P. Pigott,* for the appellee Thompson and his estate (defendant).

PRENTICE, J. The court below, applying the doctrine of equitable conversion, held that Thompson could take that share of the residue of Mrs. Bradley's estate which her will purported to give him, notwithstanding that all of her estate not used in the payment of debts and charges was real estate. At the time of her death he, as an alien, resident of England, was incapable of taking any interest in real estate in this State.* *Angus* v. *Noble,* 73 Conn. 56, 66, 46 Atl. 278; *State* v. *Thresher,*

* A treaty between Great Britain and the United States, proclaimed August 6th, 1900, has changed the law in relation to this subject, so that now a citizen or subject of Great Britain is allowed three years in which to sell real estate located here and devised to or inherited by him, while a like privilege is accorded to citizens of the United States by Great Britain in respect to lands there situated. Just what legal interest or title the alien takes, either by will or inheritance, in the land itself, is not quite clear, but his title to the proceeds of the sale is unaffected by the fact of his alienage. This treaty may be found in 31 U. S. Statutes at Large, p. 1939. *Reporter.*

77 Conn. 70, 80, 58 Atl. 460. His inability to take what the will undertook to give him was therefore dependent upon the character to be assigned to it for the purpose of the devolution of its title under that instrument. It is conceded that if Mrs. Bradley had directed a sale of her real estate immediately after her decease, or as soon as practicable thereafter, the law would treat that which was in fact realty as personalty for the purposes of the devolution of its title through the will. *Duffield* v. *Pike*, 71 Conn. 521, 525, 42 Atl. 641; *Ritch* v. *Talbot*, 74 Conn. 137, 144, 50 Atl. 42. These conditions do not exist in the present case, and it is urged that those which are essential to the application of the principle of equitable conversion are not present in it.

An examination of the will discloses an explicit and imperative direction for a sale. A person to execute the direction is named, and the subject-matter of the direction is clearly and unmistakably defined as all the real estate left by the testatrix. To be sure the language is that all the real estate remaining after the termination of the life estate shall be sold and the proceeds divided. But that language necessarily included all her real estate owned at death, since all the testatrix's estate passed with the residuum, except the life use to the husband. It is expressly provided, however, that the sale shall not take place until the termination of this life estate. It is contended that this postponement of the time of sale for the period, and the uncertain period, of a life following the death of the testatrix, takes the case out of the accepted principles governing equitable conversions, and renders it impossible to regard the ordered sale as converting the realty into personalty as of the date of Mrs. Bradley's death.

The doctrine of equitable conversion is an equitable one, adopted for the purpose of carrying into effect, in spite of legal obstacles, the intent of a testator or set-

tlor. It is not a fixed rule of law, but proceeds. upon equitable principles which take into account the result which its application will accomplish. Its application is, therefore, governed by somewhat different considerations, according to the connection in which it is invoked. As applied in determining the devolution of interests attempted to be given by will, the overwhelming weight of authority is to the effect that a gift of the proceeds of a sale directed to be made by a testator will be regarded as a gift of personalty, even though the actual conversion of the property into personalty is definitely postponed until some future time, unless to do so will clearly defeat the intention of the testator, or result in the evasion of some rule of law. *Beaver* v. *Ross*, 20 L. R. A. N. S. (Ia.) 65, 66, 70, note. It matters not that the future time is postponed until after the death of a life tenant. *Cropley* v. *Cooper*, 19 Wall. (U. S.) 167, 175; *Bunce* v. *Vander Grift*, 8 Paige Ch. (N. Y.) 37; *Nelson* v. *Nelson*, 36 Ind. App. 331, 75 N E. 679; *Fairly* v. *Kline*, 3 N. J. L. 551; *Miller* v. *Sageser*, 30 Ky. L. Rep. 837; *Thomman's Estate*, 161 Pa. St. 444, 29 Atl. 84; *Effinger* v. *Hall*, 81 Va. 94; *Allen* v. *Watts*, 98 Ala. 384, 11 So. 646; *Smith* v. *McCrary*, 3 Ired. (N. Car.) 204.

In *State* v. *Thresher*, 77 Conn. 70, 81, 58 Atl. 460, this principle was impliedly recognized. In *Bates* v. *Spooner*, 75 Conn. 501, 508, 54 Atl. 305, it was held that the fact that the conversion might not be completed for twenty-one years did not militate against there being an equitable conversion.

Language contained in the opinion in *Clarke's Appeal*, 70 Conn. 195, 215, 39 Atl. 155, is relied upon as determining that equity will recognize no conversion as of the death of a testator, unless his testamentary directions call for a sale as soon as practicable after his death. It is to be remembered, however, that the ques-

tion then presented did not directly concern the devolution of an interest of a donee under a will.    It concerned the right of a foreign jurisdiction to administer in its courts, as personalty, what was in fact realty situated in this State, and to determine its succession. Different considerations might well, in such a case, govern the court's assertion of equitable principles from those which would appeal to it were the question before it one of effectuating a testator's purpose in giving effect to his testamentary provisions.   Furthermore, the question at issue in that case was as to the existence of a direction to sell, and not at all as to the prescribed time of sale, and the language of the court was used with reference to the subject before it and not to the present.

The court was not in error in giving effect to an equitable conversion, and in holding that Thompson's interest in the residue of the testatrix's estate, as defined in the will, vested in him at her death as personalty.

The appellants, in reply to the claim made by the administrator of Thompson's estate, set up in their pleadings that Thompson was an alien, resident in England, that he was never the owner of and did not die leaving property within this State, and that for these reasons the Court of Probate for the district of New Haven had no jurisdiction or authority to appoint an administrator upon his estate.   His apparent claim upon Mrs. Bradley's estate furnished a sufficient basis for the appointment of an administrator to pursue it.   *Hartford & N. H. R. Co.* v. *Andrews,* 36 Conn. 213, 214.    Furthermore, the appointment which had been made was not open to this collateral attack.   The court properly forbade the pursuit of this manner of attack, by the exclusion of testimony offered to prove that the Court of Probate, when it made the appointment of an administrator, did not have before it suitable proof that Thompson had died.

The conversion of the equity of redemption, which was Mrs. Bradley's interest in the real estate which stood in her name at her death, into cash, through proceedings of foreclosure by sale taken during the term of the life tenancy, cannot affect the situation, for apparent reasons. Equity regards the conversion of the realty into personalty as made at the time of Mrs. Bradley's death, and deals with the property as having then had the latter character. The money on hand as the result of the foreclosure sale, represents the real estate sold in its character of personalty, as it would in its character of realty did not equity treat it as having been converted.

There is no error.

In this opinion the other judges concurred.