EDWARD A. PAVLICK *v.* THE MERIDEN TRUST AND SAFE DEPOSIT COMPANY, EXECUTOR (ESTATE OF WILLIAM V. PAVLICK)

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 76331

Memorandum filed October 22, 1953.

*Joseph F. Noonan* and *Francis J. O'Brien,* both of Meriden, for the Plaintiff.

*Herman M. Levy,* of New Haven, for the Defendant.

TROLAND, J. William V. Pavlicek, late of Meriden, died June 4, 1949. At the time of his death he owned two parcels of land in the towns of Meriden and Westbrook. William V. Pavlicek left as his only heir at law his grandson, Edward A. Pavlick, the plaintiff herein. William V. Pavlicek was survived by a brother, Vincent Pavlicek of Praha, Czechoslovakia, and two sisters, Maria Vitovek, and Frantiska Ronbec, also of Czechoslovakia.

William V. Pavlicek left a will, duly admitted to probate by the Probate Court for the district of Meriden, under the terms of which he attempted to devise the "rest, residue and remainder" of his property, which included the land mentioned above, to his brother and sisters, citizens and residents of Czechoslovakia. There was no power of sale given to the executor or direction to sell the property concerned, but upon the application of the executor the Probate Court ordered the sale of the property, and the proceeds of the sale are now in the hands of the executor for distribution.

On December 17, 1951, the Probate Court ordered the cash proceeds of the sale to be distributed, as estate given and bequeathed under the terms of the will, in equal shares to Vincent Pavlicek, Maria Vitovek, and Frantiska Ronbec, all of Czechoslovakia, brothers and sisters of the said deceased. Edward A. Pavlick, the grandson and sole heir at law, has appealed from the above order and decree. The plaintiff claims that the attempted testamentary disposition of the real estate to aliens is invalid and

inoperative under the common law and statutes of Connecticut, and that therefore the real estate became and is intestate property which should have been distributed to him as the sole heir at law.

The above claim is held to be correct. At common law, aliens, or foreigners, persons not belonging to this or any of the United States, cannot be heirs. 1 Swift's Digest 157. By statute, however, aliens with certain qualifications are capable of inheriting. Gen. Statutes §§ 7166, 7167. The statutory exceptions do not extend to or apply to the facts in this case. The brother and sisters of the testator being nonresident aliens, citizens of Czechoslovakia, the attempted bequest to them of the lands in Meriden and Westbrook was void, and such lands became intestate estate, and as such vested at once in the heir at law of the testator, that is, Edward A. Pavlick. *Crosgrove* v. *Crosgrove,* 69 Conn. 416, 422; *Angus* v. *Noble,* 73 Conn. 56, 66; *State* v. *Thresher,* 77 Conn. 70, 80.

The defendants claim that inasmuch as the real estate has been sold by order of the Probate Court it can now be distributed to the aliens as personal property. They invoke the doctrine of equitable conversion, maintaining it is clear that it was the intent of the testator to leave the entire residue of his estate to his next of kin, the nonresident aliens. They argue that the testator must have known the law, and therefore is presumed to have known that the residuary legatees could not acquire title to the realty, and that he therefore must be held to have considered his residuary estate to pass as personalty. Defendants rely on *Emery* v. *Cooley,* 83 Conn. 235.

In above case the testatrix in her will directed that the real estate be sold and that one-half the proceeds be paid to her brother in England. Our court held that an equitable conversion had taken

place and that the realty, having become personalty, was inheritable by the nonresident alien. The defendants maintain that the *Emery* case is controlling on this court. In the *Emery* case there was a direction by the testatrix for a sale. In this case there was no such direction. Defendants maintain that the court can assume that the testator knew his alien brothers and sisters could not take the land but only the proceeds of a sale and a direction for sale is therefore implicit in the will. The court is of the opinion that to find such a direction by implication is not warranted, and that the doctrine of equitable conversion, as promulgated in the *Emery* case, on the facts therein does not apply to this case.

Defendants also claim that the title to the land really vested in the nonresident aliens and remains so until the state, by proper proceedings, endeavors to divest the aliens of their title, and that such proceedings can be initiated only by the state. The court can find no support for this theory in Connecticut and holds that it is not the law of this state.

Judgment may enter sustaining the appeal, and directing that the proceeds of the sale of the two parcels of land be adjudged intestate property and that Edward A. Pavlick be found, as the sole heir at law, entitled to said property, and that distribution of said proceeds be made to him, after necessary expenses of administration properly chargeable to said property have been paid.