[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action to enforce a foreign judgment rendered in favor of the plaintiff against the defendant. The complaint alleges that on February 3, 1993, the plaintiff obtained a default judgment in the Circuit Court of Cook County, Illinois against the defendant in the amount of $42,950 and that the judgment remains wholly unsatisfied. Attached to the plaintiff's complaint is a certified copy of the judgment.
In its answer, the defendant admits only that it received a copy of the attached judgment and that he has made no payment on the judgment. The defendant asserts four special defenses: (1) that the judgment was entered by default for failure to appear without a hearing on the merits, despite the defendant's good-faith efforts to appear; (2) that the defendant's attempts to appear and answer the complaint in the Illinois court were CT Page 8869 "ignored and rejected by said court, and that judgment was entered without a hearing on the merits"; (3) that the defendant was denied the reasonable opportunity to defend itself for the hearing in damages and did not receive reasonable notice of that hearing; and (4) that the defendant was denied representation of counsel when the Illinois court allowed the defendant's counsel to withdraw.
The plaintiff moves for summary judgment, arguing that there exists no genuine issue of material fact because the defendant has not raised or pleaded any permissible ground to collaterally attack a foreign judgment in a common law foreign judgment enforcement action and, therefore, the plaintiff is entitled to judgment as a matter of law. In support of summary judgment, the plaintiff submits an affidavit of the plaintiff's Illinois attorney who represented the plaintiff in the Illinois action. The attorney avers that the defendant did not raise any jurisdictional issues in the Illinois proceeding and that the judgment was entered by default. The plaintiff also relies on the certified copy of the foreign judgment attached to the complaint.
The defendant submits as evidence in opposition to summary judgment the affidavit of the defendant's current counsel, who avers that at the time of the Illinois counsel's motion to withdraw, the defendant owed more than $27,000.00 in attorney's fees to that counsel and the defendant was more than $1,000,000.00 in debt. The defendant submits as exhibits various correspondence between the defendant and the defendant's Illinois counsel's bookkeeper which indicate that the defendant was unable to pay its legal fees. The defendant also submits various pleadings from the Illinois action, such as defendant's Illinois counsel's motion to withdraw from the Illinois case and a copy of the Illinois court's order granting the motion to withdraw and denying the defendant's request to allow the defendant's president, Thomas Kelly, from representing the corporation pro se.
In deciding a motion for summary judgment, the trial court must follow the following standard:
 Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 8870 moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, ___ A.2d ___ (1994).
 As a matter of federal law, the full faith and credit clause [of the United States Constitution] requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. Underwriters National Assurance Co. v. North Carolina Life Accident Health Ins. Guaranty Assn., 455 U.S. 691, 704, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982).
Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 56, 570 A.2d 687
(1990). However, "[w]hen a plaintiff asserts a common law action to collect on a foreign judgment, the debtor has the right to collaterally attack the foreign judgment by establishing facts that would render the judgment void. Seaboard SuretyCo. v. Waterbury, 38 Conn. Sup. 468, 472, 451 A.2d 291 (App. Sess. 1982)." G E Enterprises v. Automart, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 29 31 70, (May 20, 1993, Ballen, J.); see also Packer Plastics,Inc. v. Laundon, supra, 214 Conn. 56; Rathkopf v. Pearson,148 Conn. 260, 265, 170 A.2d 135 (1961).
 [T]o be successful, a collateral attack must prove a judgment void, not merely voidable. . . . Broadly stated, this would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or CT Page 8871 want of power to grant the relief contained in the judgment.
(Citations omitted.) Rathkopf v. Pearson, supra, 148 Conn. 265. Generally, the merits of the judgment or the preliminary proceedings leading up to the judgment are not open to attack in an action to enforce a foreign judgment. Id., citing Raughtiganv. Norwich Nickel Brass Co., 86 Conn. 281, 286, 85 A. 517
(1912); Shelton v. Hadlock, 62 Conn. 143, 153, 25 A.2d 483
(1892); see also 50 C.J.S. Judgments, § 876 (In an action to enforce a foreign judgment "[n]o defense may be set up which goes to the merits of the original controversy, or which was or might have been interposed in the original action." (Footnotes omitted.)). This is based on the effect of the full faith and credit clause, which requires a state court to afford the same credit, validity and effect to the judgment of a foreign state as the state that rendered the judgment would give it. SeePacker Plastics, Inc. v. Laundon, supra, 214 Conn. 56, citingUnderwriters National Assurance Co. v. North Carolina Life Accident Health Ins. Guaranty Assn., supra, 455 U.S. 704. As a matter of federal law, it is the party attacking the validity of the foreign judgment that has the burden of raising and proving its voidness. Packer Plastics, Inc. v. Laundon, supra,214 Conn. 57, citing Williams v. North Carolina, 325 U.S. 226,233-34, 65 S.Ct. 1092, 89 L.Ed. 1577, reh. denied, 325 U.S. 895,65 S.Ct. 1560, 89 L.Ed. 2006 (1945).
The plaintiff argues that the defendant has not raised any grounds that would constitute a valid collateral attack of the foreign judgment, and accordingly, it is entitled to judgment as a matter of law. The defendant argues that the issues raised by its special defenses, and the evidence offered by way of opposition to summary judgment in support of those defenses indicate that a genuine issue of material fact exists precluding summary judgment. The defendant argues that the evidence submitted in opposition to summary judgment demonstrates that the Illinois judgment is void because the defendant made a good-faith effort to appear, the defendant was denied a reasonable opportunity to defend on the issue of damages, the defendant was denied representation of counsel when the Illinois court allowed the defendant's Illinois counsel to withdraw for lack of payment, and the judgment was entered without a hearing on the merits.
The defendant essentially argues that the "Illinois Court CT Page 8872 lacked jurisdiction over the Defendant when the judgment was rendered by virtue of [the Illinois court's] exclusion of the Defendant [from] presenting its own defense." (Defendant's Memorandum in Opposition to Summary Judgment, p. 6.) The defendant elaborates that the judgment is void because the Illinois court prohibited the president and sole shareholder of the defendant corporation, John Kelly, who is not an attorney, from representing the corporation pro se following the withdrawal of the defendant's Illinois counsel from the case for lack of payment. Following the withdrawal of defendant's counsel, which was obtained by permission of the Illinois court, the defendant was unable to afford substitute counsel and, therefore, was unable to appear in order to defend the rest of the action.
The defendant cites no authority for his proposition that the granting of the motion to withdraw deprived the Illinois court of jurisdiction to render a judgment, or that such facts would present a ground for finding the foreign judgment void. The defendant asserts, however, that the Illinois judgment is void because the above-referenced actions of the Illinois court were in violation of "Article IV, Section 2.1 [sic] of the United States Constitution," and the seventh andfourteenth amendments. The defendant offers no authority or argument in support of this broad assertion.
The defendant, however, cites several cases allowing the pro se representation of a corporation in certain matters, such as small claims, and argues that it was a deprivation of due process and other constitutional provisions to deny Mr. Kelly the opportunity to represent the corporation pro se. From the copy of the defendant's opposition to the withdrawal of counsel filed in the Illinois court, which the defendant submitted in opposition to summary judgment, it appears that these arguments and the case law cited by the defendant in support thereof were also presented to the Illinois court, and the Illinois court denied Mr. Kelly from representing the defendant corporation pro se.
The defendant's arguments in opposition to summary judgment go to the merits of the motion to withdraw and, as such, are more properly suited for presentation to the appellate courts of Illinois. Therefore, the court shall not review the decision of the Illinois court on the merits of the motion to withdraw, as this matter addresses the preliminary proceedings leading up to the judgment and, therefore, is not open to attack in a common CT Page 8873 law proceeding to enforce a foreign judgment. Rathkopf v.Pearson, supra, 148 Conn. 265, citing Raughtigan v. NorwichNickel Brass Co., supra, 86 Conn. 286; Shelton v. Hadlock, supra, 62 Conn. 153.
The plaintiff has submitted a certified copy of the judgment and offered evidence, by way of the affidavit of its counsel, to support its authenticity and validity. The defendant has not raised a proper legal basis to collaterally attack this judgment, nor does it dispute the authenticity of the judgment. Accordingly, the plaintiff's motion for summary judgment is granted.
/s/ Sylvester, J. SYLVESTER