251 F.Supp.2d 1071 (2003)
James F. CONNELLY, Executor and James F. Connelly, plaintiffs,
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Wendover Financial Services Corp., and Freedom Choice Mortgage, LLC, defendants.
No. 3:02CV773 (JBA).
United States District Court, D. Connecticut.
March 14, 2003.
*1072 William T. Barrante, Watertown, CT, for James F. Connelly.
David Frank Borrino, Reiner, Reiner & Bendett, Farmington, CT, for Federal Nat. Mortg. Ass'n., Wendover Financial SVC Corp.
Jeffrey A. McChristian, Krass & McChristian, Avon, CT, for Freedom Choice Mortg. LLC.

Ruling on Defendants Federal National Mortgage Association's and Wendover Financial Services Corporation's Motion to Dismiss [Doc. # 16-1] or, in the alternative, Motion for Summary Judgment [Doc. # 16-2] and Defendant Freedom Choice Mortgage, LLC's Motion to Dismiss [Doc. # 17-1] or, in the alternative, Motion for Summary Judgment [Doc. # 17-2]
ARTERTON, District Judge.
Defendant Federal National Mortgage Association ("Fannie Mae") removed this case from state court pursuant to 28 U.S.C. § 1441, invoking this Court's original *1073 jurisdiction under 12 U.S.C. § 1723a pursuant to the holding of American Nat'l Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). The amended complaint [Doc. # 15] of plaintiffs James F. Connelly ("Connelly") and James F. Connelly in his representative capacity as Executor of the Estate of Marion Logue Connelly ("Executor") contains three counts. The first count is directed against Fannie Mae and defendant Wendover Financial Services Corporation ("Wendover"). The second and third counts are directed against Wendover and defendant Freedom Choice Mortgage, LLC ("Freedom Choice"). Fannie Mae and Wendover now move jointly to dismiss plaintiffs' amended complaint pursuant to Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, their motion [Doc. # 16-1] is GRANTED in PART as to count one. Because dismissing count one removes the only claim over which the Court has original jurisdiction, the Court further declines, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over plaintiffs remaining state law claims and remands them with all pending motions to the Connecticut Superior Court for the Judicial District of Waterbury at Waterbury.

I. Background[1]
On April 17, 1997, Marion Logue Connelly secured a loan from Freedom Choice with a reverse interest mortgage of her real estate located at 55 Maple Avenue in Oakville, Connecticut ("55 Maple"). Under the terms of the mortgage, the balance was not due and payable until Ms. Connelly's death. Also on April 17, 1997, Freedom Choice assigned the mortgage and negotiated the note secured by the mortgage to Wendover. Ms. Connelly died on July 21, 1998. Connelly, Ms. Connelly's son, was both her only heir and, under her will, her only devisee.
In May or June of 1999, Wendover commenced an action in Connecticut Superior Court seeking to foreclose the mortgage, including as named defendants both Connelly and Executor. On August 4, 1999, Wendover withdrew the foreclosure action as to Executor. On September 7, 1999, the Superior Court entered a judgment of foreclosure by sale in favor of Wendover, and, on November 6, 1999, Wendover purchased 55 Maple in the foreclosure sale. Ms. Connelly's mortgage debt was paid off from the sale proceeds. By warranty deed dated May 1, 2001, Wendover transferred 55 Maple to Fannie Mae.
Unnamed in the foreclosure action was Hickcox Funeral Home ("Hickcox"), a creditor of Ms. Connelly's estate with respect to funeral expenses. The estate has not paid Hickcox's bill.

II. Discussion

A. Standard of Review
"The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. The court is required to accept as true all factual allegations in the complaint and to consider documents attached to or incorporated by reference in the complaint. Although bald assertions and conclusions of law are insufficient, the pleading standard is nonetheless a liberal one." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998) (internal quotations and citations omitted). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *1074 no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45^6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

B. Count One and Defendants' Motions to Dismiss
The first count of plaintiffs' amended complaint seeks a declaration (and corresponding order) that 1) after the death of Marion Logue Connelly, Conn. Gen.Stat. 45a-321 conferred upon Executor an interest in 55 Maple; 2) that interest was not extinguished in the foreclosure action due to mortgagee Wendover's withdraw of the action as to Executor prior to entry of judgment and therefore remains intact; and 3) the unextinguished interest entitles Executor to sell the property and use the proceeds to settle any outstanding claims against Ms. Connelly's estate with any balance, costs and allowable fees to be turned over to Fannie Mae.[2] In response, Fannie Mae's and Wendover's motion to dismiss asserts multiple grounds for dismissal, including that, as a matter of law, whatever interest Executor may have had in 55 Maple was extinguished when Connelly's interest was foreclosed. The Court agrees with defendants and therefore dismisses count one.

C. Discussion
Connecticut is a "title state", which means that a mortgagee holds legal title to the mortgagor's real property subject to the latter's equitable right of redemption. See New Milford Savings Bank v. Jajer, 244 Conn. 251, 257 n. 11, 708 A.2d 1378 (1998) (citations and quotation omitted) ("Both by common-law rule and by statute, a mortgagee in Connecticut is deemed to have taken legal title under the execution of a mortgage on real property. Nonetheless, the mortgagee's legal title is a defeasible fee subject to [an equitable] right of redemption which persists until it is extinguished by an action of foreclosure."); Monski v. Lukomske, 118 Conn. 635, 173 A. 897, 898 (1934) ("As between mortgagor and mortgagee, the latter is regarded as having the legal title to the land for the purpose of obtaining by ejectment or otherwise possession thereof and holding it as security for the payment of his debt."); Conn. Gen.Stat. § 47-36h ("A deed following the form entitled `Mortgage Deed', when duly executed, has the force and effect of a deed to the mortgagee in fee simple, subject to defeasance, with mortgage covenants, to secure the payment of money as well as the performance of any obligation or obligations therein specified or referred to....").
In turn, the equitable right of redemption is considered personal property in the hands of the mortgagor; however, upon the mortgagor's death, by operation of the doctrine of equitable conversion,[3] *1075 the equitable right of redemption metamorphoses into real property, which then, by operation of law, passes to the heirs or devisees of the mortgagor. See Connecticut Standards § 13.7B and cmts. 1 and 2; Pigeon v. Hatheway, 156 Conn. 175, 177, 239 A.2d 523 (1968); O'Connor v. Chiascione, 130 Conn. 304, 306, 33 A.2d 336 (1943); Bowen v. Morgillo, 127 Conn. 161, 168, 14 A.2d 724 (1940). Thus, the mortgagor's heirs or devisees own the equitable right of redemption with respect to property encumbered by a mortgage at the decedent's death (as well as title to any unencumbered real property of the decedent). See LaFlamme v. Dallessio, 261 Conn. 247, 255 (2002).
Thus, if a mortgagee brings a foreclosure action against a decedent's property during the settlement of the decedent's estate, the mortgagee must name the heirs or devisees as defendants because they hold title to the equitable right of redemption, but the mortgagee is not required to the name the estate's executor or administrator, see Connecticut Standards § 13.7B, who is an individual without a title interest in or lien upon the property, LaFlamme, 261 Conn, at 251, 802 A.2d 63; Brill v. Ulrey, 159 Conn. 371, 375, 269 A.2d 262 (1970); O'Connor, 130 Conn, at 306-308, 33 A.2d 336. On the other hand, should the mortgagee seek a deficiency judgment, it then becomes necessary to name the executor or administrator as a defendant. See Connecticut Standards § 13.7 cmt. 2 ("Since the heirs or devisees are not personally liable on the note secured by the mortgage, a deficiency judgement may not be obtained against them by the plaintiff. In order to obtain a deficiency judgment the plaintiff would have to join the deceased mortgagor's fiduciary, since the deficiency judgment is a claim against the estate.").
The leading treatise on foreclosures in Connecticut, Dennis R. Caron's Connecticut Foreclosures: An Attorney's Manual of Practice and Procedure § 4.03B (3d. 1999)("Connecticut Foreclosures"),[4] agrees with the Connecticut Standards, commenting in pertinent part,
... the doctrine of equitable conversion operates under these circumstances to convert the decedent's personal property (i.e., his equity of redemption) into real property, which devolves to the heirs or devisees.
Since executors or administrators are not proper parties to foreclosures (except for a possible deficiency judgment), the language of [Conn. Gen.Stat. § 52-69] dealing with representatives and creditors is inapplicable, and [representatives and creditors] should not be given statutory notice or made parties to the action.
Caron's treatise also cites the only case the Court has found to deal with a situation directly analogous to the present case, Tax Collector of City of New Haven v. Miley, *1076 34 Conn.App. 634, 642 A.2d 747 (1994). The facts concerned an action by the tax collector to foreclose upon two parcels of land. The named defendants were all minors, heirs of the owner who had passed away with outstanding taxes owing on each parcel. The trial court denied the motion of decedent's administrator to intervene in the foreclosure action and ultimately ordered foreclosure by sale. On appeal, the administrator and the minors claimed the trial court had improperly denied the motion of the administrator to intervene, arguing in part that intervention was of right pursuant to Conn. Gen.Stat. § 52-102 and Conn. Prac. Bk. § 99.[5] After reiterating basic principles of Connecticut property law (administrator of estate does not have title to real property of decedent but may reach such property to protect rights of creditor of estate) the appellate court affirmed, reasoning that, because the taxes due had to be paid prior to the final settlement of the estate under Conn. Gen.Stat. § 45a-333[6] and the creditors of the estate did not have priority over the tax liens of the city, the administrator had no right to intervene as the foreclosure judgment would have no effect on the rights or interests of the administrator. "Although Miley involved the foreclosure of tax liens, the same rationale would apply for denying party status to an administrator or executor in a mortgage foreclosure, since the mortgage would similarly enjoy priority over unsecured creditors of the estate." Caron, Connecticut Foreclosures at § 4.03B. Accordingly, to foreclose the interest of Connelly (as heir and/or devisee) in and obtain title to 55 Maple, Wendover had only to name Connelly in his individual capacity and purchase the property at the foreclosure sale.
Executor concedes that title to 55 Maple passed from Connelly to Wendover as a result of the foreclosure sale. However, Executor urges that, after the death of Marion Logue Connelly, Conn. Gen.Stat. 45a-321 conferred upon him an interest in 55 Maple that was not extinguished in the foreclosure action due to mortgagee Wendover's withdraw of the action as to Executor prior to entry of judgment. Thus, reasons Executor, his interest remains intact and entitles him to sell the property to meet the demands of the creditors of Ms. Logue's estate, including Hickcox. See PL.'s Opp'n at 8 ("[Executor] is simply asserting his right under Section 45a-321 to sell the premises through the Probate Court in order to settle the estate."). Executor's reliance on Conn. Gen.Stat. 45a-321 is misplaced.
As noted above, an administrator or executor of a decedent's estate does not have title to the decedent's real property. LaFlamme, 261 Conn. at 251, 802 A.2d 63; Bull v. Ulrey, 159 Conn. 371, 375, 269 A.2d 262 (1970); O'Connor, 130 Conn, at 306-308, *1077 33 A.2d 336. However, under Conn. Gen.Stat. 45a-321(a), the executor, administrator, or other fiduciary
shall, during settlement, have the possession, care and control of the decedent's real property, and all the products and income of such real property during such time shall vest in the fiduciary as personal property, unless such real property has been specifically devised or directions have been given by the decedent's will which are inconsistent with this section; but the court may order surrender of the possession and control of such property to the heirs or devisees, or may, during settlement, order distribution of such real property.[7]
Importantly, contrary to plaintiffs contention, the executor's power under this statute extends only to temporary possession, care, and control of the property; it gives an executor no rights to sell the decedent's real property in derogation of the rights of the heirs or devisees. See LaFlamme, 261 Conn. at 258-61, 802 A.2d 63; O'Connor, 130 Conn, at 306, 33 A.2d 336; Sanborn, 130 A. at 479. This is made plain by the statutory language itself, excepting specific devises from the custody of the executor.[8]
Further, although it has long been the law in Connecticut that an executor or administrator may reach the real property of the decedent in the hands of heirs or devisees, even if specifically devised, for the purpose of protecting the rights of creditors of the estate, see LaFlamme, 261 Conn. at 258-61, 802 A.2d 63; Brill, 159 Conn. at 375, 269 A.2d 262; O'Connor, 130 Conn. at 306-308, 33 A.2d 336; Sanborn, 130 A. at 479, this doctrine is of no avail to the plaintiff here. As indicated by the Standards and Caron's Foreclosures, the doctrine assumes the heirs or devisees have some title interest against which the executor or administrator may act in selling the subject property. Where such interest has already been foreclosed in satisfaction of the entirety of the mortgage debt, full payment has been made for the real estate, and the heirs or devisees no longer retain any interest in it.
At first glance, this result may appear inequitable where the encumbered property passing into the hands of the heirs or devisees has value in excess of the amount owing on the mortgage. After foreclosure by sale, the equity belongs to the heirs or devisees and would not be available for the estate to satisfy unsecured creditors as it would have been if, for example, the mortgagor had sold the property, paid off the mortgage, and deposited the equity in a bank account before death. However, in the event of equity, the creditors of an estate are not without remedy. The statutory *1078 scheme of Conn. Gen.Stat. §§ 45a-368 to 45a-375 permits such creditors to pursue an estate's beneficiaries to reach any such equity reduced to cash. See e.g., Hunt, PPA v. Watkins, No. CV XXXXXXXXXS, 1995 WL 781366, at *2 (Conn.Super.Dec.29, 1995). Further, in contexts in which the balance of the mortgage does not become due and payable immediately upon the death of the mortgagor, it is likely an executor would simply continue to make mortgage payments to protect any equity in the encumbered parcel (and/or correspondingly, if necessary, gain time to seek an order of the probate court to sell the property, pay off the mortgage, and use the rest of the proceeds to satisfy other of the estate's creditors). Accordingly, the Court finds no reason for adopting plaintiffs position, which, contrary to the standard practice of attorneys in the State of Connecticut, the leading treatise on foreclosures in Connecticut, and the only directly analogous Connecticut judicial decision, would require a mortgagee to name as a defendant in a foreclosure action an executor/administrator with no title rights to and no lien on the property even where the mortgagee seeks no deficiency judgment.

III. Conclusion
For the foregoing reasons, the motion to dismiss [Doc. # 16-1] of defendants Fannie Mae and Wendover is GRANTED in PART as to count one. Supplemental jurisdiction over plaintiffs remaining state law claims is declined and this case is remanded with all pending motions to the Connecticut Superior Court for the Judicial District of Waterbury at Waterbury. The Clerk is directed to close this case.
IT IS SO ORDERED.
NOTES
[1] After conference presentation by defendant of the issues to be posed in the forthcoming motion to dismiss, plaintiff was given opportunity to file his amended complaint, from which all factual allegations necessary to the disposition of count one are taken.
[2] Connelly concedes that his own interest in 55 Maple has been extinguished by foreclosure and thus asserts only that Executor has standing to state a claim under count one. See PL's Opp'n at 4 ("Inasmuch as Mr. Connelly is not bringing this claim as an individual but only as Executor, defendants' fourth claim will not be addressed.").
[3] "The doctrine of equitable conversion derives from the maxim that equity regards that as done which ought to be done. Its basis is that for certain purposes real estate is considered in equity as personal estate and personal estate as real estate. It is an equitable doctrine, adopted for the purpose of carrying into effect, in spite of legal obstacles, the supposed intent of a testator or settlor." Connecticut Standards of Title ("Connecticut Standards") § 13.7 cmt. 1 (1999) (citing Anderson v. Yaworski, 120 Conn. 390, 393-94, 181 A. 205 (1935) and Emery v. Cooley, 83 Conn. 235, 238-239, 76 A. 529 (1910)).

The Court notes that the Connecticut Supreme Court has recognized that the Connecticut Standards, although not controlling, establish the "custom in the legal community." Lakeview Assocs. v. Woodlake Master Condo. Assoc., Inc., 239 Conn. 769, 782 n. 20, 687 A.2d 1270 (1997). Importantly, lower Connecticut state courts look to the Standards for direction. See e.g., Mannweiler v. LaFlamme, No. CV XXXXXXXXXS, 1999 WL 956865, at **1, 4-5 (Conn.Super.Oct.5, 1999). The Second Circuit Court of Appeals has also cited the standards. See Genovese Drug Stores v. Connecticut Packing Co., 732 F.2d 286, 290 (2d Cir. 1984).
[4] The Court has found over one hundred citations from Connecticut state courts to various sections of Connecticut Foreclosures, including citations to the treatise as the only authority for a court's reasoning or holding. See e.g., New Milford Savings Bank v. Jajer, 244 Conn. 251, 262-63, 708 A.2d 1378, (1998); Nat'l Mortgage Co. v. Temkin, CV 94 0065542, 1995 WL 328392, at *3 (Conn.Super. May 23, 1995) (citing only Connecticut Foreclosures for proposition that "[p]roper defendants in a foreclosure action include the owners of the equity of redemption....").
[5] "An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment.... A person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him, her or it. The judgment to be rendered must affect the proposed intervener's direct or personal rights, not those of another...." Miley, 34 Conn.App. at 638, 642 A.2d 747 (quotations and citations omitted).
[6] Conn. Gen.Stat. 45a-333 provides:

Each trustee of the estate of an insolvent debtor or of any testamentary trust and each fiduciary of a decedent's estate shall ascertain from the collector of taxes of the town where such insolvent debtor resided at the time of his insolvency, or where the decedent last resided, or in which the insolvent debtor or decedent owned real property, whether any taxes are due upon any of the estate which has come into his hands and shall liquidate the same, if there are sufficient assets, before making a final settlement of his account.
[7] This statute has existed in relatively unchanged form in Connecticut since 1855, having been codified under three previous section numbers, § 5027, § 4956, and § 45-252. See O'Connor, 130 Conn. at 306, 33 A.2d 336; Hall v. Meriden Trust & Safe Deposit Co., 103 Conn. 226, 130 A. 157, 160-61 (1925); Hewitt v. Sanborn, 103 Conn. 352, 130 A. 472, 479 (1925); Conn. Gen.Stat. § 45-252 (1990).
[8] Interestingly, the textual discussion of Conn. Gen.Stat. 45a-321 and its predecessors does not always appear to have been a correct statement of Connecticut law. See Nichols v. Dayton, 34 Conn. 65, 1867 WL 929, at *1 (1867) ("The executor, under the statute, has the same control of the real estate, during the settlement of the estate, that he has of the personal property, and the same title to it, and possession of it, and although he holds in trust for the benefit of the estate the title is still in him...."); Fleming v. Cox, 11 Conn. Supp. 39, 1942 WL 845, at *5 (Conn.Super.Mar.3, 1942) (citing Remington v. Am. Bible Soc'y, 44 Conn. 512, 516-17) ("While earlier cases intimate otherwise (e.g., Nichols...), this provision came later to be construed to only confer upon an executor or administrator the custody or control of real estate `for the purpose of enabling him to defend the land from acts of trespass, to enforce payment of rent, and to hold the income until it shall be known whether it is to go to heirs or creditors.'").