UFA E. GUTHRIE *v.* HARTFORD NATIONAL BANK AND TRUST COMPANY, EXECUTOR (ESTATE OF HENRY W. INGLE)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 14—decided November 10, 1959

*Ufa E. Guthrie,* pro se, the appellant (plaintiff).

*Merriam Davis,* for the appellee (defendant).

PER CURIAM. In September, 1958, the plaintiff brought this action against the defendant as executor to recover compensation for legal services rendered the defendant's decedent during his lifetime. Presentation of a claim to, and its disallowance by, the defendant as executor was alleged. On February 2, 1959, the plaintiff filed the following: a motion to add and cite in as parties defendant not only the defendant "as Executor of the last will and testament" of the decedent but also Earle E. Edwards, individually and as general agent both of The Windsor Trust Company and the defendant as such executor; a motion to increase the ad damnum; and a motion to file, in two counts, a long amendment to the complaint which in effect sought damages for interference with a claimed contractual relationship between the plaintiff and the decedent during his lifetime. The court denied the motions, giving no reasons, and from that action this appeal is taken.

The addition of parties defendant and the increase in the ad damnum were apparently sought as incidental to the proposed amendment. The original action is still in court and as far as appears can be promptly and fully tried. The cause is not disposed of, nor are the parties to the original action out of court. It follows that the action of the court in denying the motions was not a final judgment. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372, 84 A.2d 681. Consequently, this so-called appeal cannot be maintained.

The appeal is dismissed.