TAX COLLECTOR OF THE CITY OF NEW HAVEN v.
LOUIS ERNEST MILEY ET AL.
(12540)
(12541)
(12542)

O'CONNELL, HEIMAN and SCHALLER, Js.

---

Argued March 22—decision released June 7, 1994

*Lynn Jenkins,* with whom, on the brief, was *F. Herbert Gruendel,* for the appellants (named defendant et al. and Christian Edmonds).

*Alfred J. Onorato,* for the appellee (plaintiff).

HEIMAN, J. The defendants appeal[1] from the judgments of the trial court of foreclosure by sale. On

---

[1] This is a consolidated appeal arising from three separate appeals. The record reveals that the plaintiff commenced two actions of foreclosure. The first action named Louis Ernest Miley, Charles M. Gripper and David B. Miley, as heirs of Charles E. Gripper, and the water pollution control authority, the south central regional water authority, the Federal Deposit Insurance Agency, Robin Whitebread, the Internal Revenue Division of the United States Department of the Treasury and the state of Connecticut

appeal, the defendants claim that the trial court improperly (1) denied the intervenor's motion to be joined as a party[2] and (2) rendered judgments of foreclosure because it lacked jurisdiction based on the service of process on the parties and because the service of process violated the parties' constitutional rights. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. The plaintiff filed two complaints for foreclosure. The first complaint sought foreclosure of a tax lien on a parcel of land located at 53 Ward Street, New Haven (Ward complaint). The second complaint sought foreclosure of a parcel of land located at 575 Washington Avenue, New Haven (Washington complaint). Both complaints alleged that Charles E.

as defendants. The second action named Louis Ernest Miley, Charles M. Gripper and David B. Miley, as heirs of Charles E. Gripper, and the south central Connecticut regional water authority, the New Haven Savings Bank, the Internal Revenue Division of the United States Department of the Treasury and the state of Connecticut as defendants. Christian Edmonds, administrator of the estate of Charles E. Gripper, filed a motion to intervene as a defendant in both actions, which was denied. Louis Ernest Miley, Charles M. Gripper and David B. Miley filed one appeal from both actions (12540). Christian Edmonds filed two separate appeals (12541 and 12542). We refer to the heirs of Charles E. Gripper as the defendants. See footnote 2.

[2] Edmonds sought to intervene as a matter of right and by permissive intervention. General Statutes § 52-102. The claim by Edmonds that he should have been allowed to intervene as a matter of right was appealable at the time of the denial. See *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990); *Hallenbeck* v. *St. Mark the Evangelist Corp.*, 29 Conn. App. 618, 626, 616 A.2d 1170 (1992); *Common Condominium Assns., Inc.* v. *Common Associates*, 5 Conn. App. 288, 497 A.2d 780 (1985). Since the intervenor did not appeal that decision, the decision is final and no longer subject to review. See *Haynes* v. *Power Facility Evaluation Council*, 177 Conn. 623, 629, 419 A.2d 342 (1979). The defendants and the intervenor filed a joint brief. We will consider the defendants' claim that the intervenor should have been allowed to intervene as a matter of right; *Guthrie* v. *Hartford National Bank & Trust Co.*, 146 Conn. 741, 742, 156 A.2d 192 (1959); and the parties' combined claim that the intervenor should have been allowed permissive intervention. We will refer to all claims as the defendants' claims for clarity.

Gripper, deceased, had been the owner of the parcel of land and that his interest in the land passed upon his death to his heirs, Louis Ernest Miley, Charles M. Gripper and David B. Miley. Both complaints alleged that taxes assessed on the properties in 1986, 1987, 1988, 1989 and 1990 remained unpaid.

The Ward complaint was served on March 16, 1992, and the Washington complaint was served on April 1, 1992, by sheriffs on Louis Ernest Miley, Charles M. Gripper and David B. Miley at the usual place of their abode, 15 Edgar Street, New Haven. At the time of service, the three defendants were minors. On June 15, 1992, the minors' guardian ad litem,[3] Attorney Lynn Jenkins, who had been appointed by the Probate Court in August of 1987, filed motions to dismiss the complaints claiming that the plaintiff did not serve the guardian ad litem, the mother of the minor children or the administrator of the estate of Charles E. Gripper. On July 6, 1992, the trial court dismissed the cases. On July 7, 1992, the plaintiff filed a motion to reargue the defendants' motion to dismiss. On September 8, 1992, the trial court vacated the dismissal order because "the proper parties to the foreclosure actions were those named by the plaintiff because title immediately passes to the heirs upon death. Any possible defect in service was rectified by the naming of a guardian ad litem for the minor defendant."

On September 8, 1992, Jenkins was appointed guardian ad litem by the Superior Court for the purposes of the foreclosure actions. On September 21, 1992, Jenkins disclosed as a defense in both actions that the trial court lacked subject matter jurisdiction because

---

[3] The guardian ad litem had been appointed in the Probate Court. We note that the duties of a guardian ad litem appointed in the probate proceedings are limited to the specific probate proceeding for which that guardian is appointed. A probate guardian ad litem lacks any standing in any other proceeding. See *Potter* v. *Alcorn*, 140 Conn. 96, 105, 99 A.2d 97 (1953).

the plaintiff had improperly served the children at the commencement of the action and failed to serve her after her appointment as guardian ad litem on September 8, 1992. On October 19, 1992, the plaintiff requested that the trial court enter default judgments against the defendants for failure to disclose a defense in both actions claiming that they waived the defense. The trial court granted the motions on November 9, 1992.[4] On February 5, 1993, Christian Edmonds, the administrator of the estate of Charles E. Gripper, moved the trial court to allow him to become a party defendant in both actions, which was denied. On May 3, 1993, the trial court ordered a foreclosure by sale of both properties. This appeal followed.

I

The defendants first claim that the trial court improperly denied the intervenor's motion to be joined as a party. General Statutes § 52-102; Practice Book § 99. " 'An applicant for intervention has a right to intervene under Practice Book § 99 where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment. . . .' (Citations omitted; internal quotation marks omitted.) *State Board of Education* v. *Waterbury,* [21 Conn. App. 67, 71, 571 A.2d 145 (1990)]; *Horton* v. *Meskill,* [187 Conn. 187, 195, 445 A.2d 579 (1982)]; *Common Condominium Assns., Inc.* v. *Common Associates,* 5 Conn. App. 288, 290, 497 A.2d 780 (1985). '[A] person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another.' *In re*

---

[4] We note that the defense of lack of subject matter jurisdiction cannot be waived. See discussion, infra.

*Baby Girl B.,* 224 Conn. 263, 275, 618 A.2d 1 (1992)." *Polymer Resources, Ltd.* v. *Keeney,* 32 Conn. App. 340, 350, 629 A.2d 447 (1993).

Here, the administrator of the estate does not have sufficient interest in the property. "It has long been well settled law that an administrator does not have title to real property but that title passes to the heirs subject to the right of administration. *Brill* v. *Ulrey,* 159 Conn. 371, 375, 269 A.2d 262 (1970); *O'Connor* v. *Chiascione,* 130 Conn. 304, 306–308, 33 A.2d 336 (1943)." *Claydon* v. *Finizie,* 7 Conn. App. 522, 524, 508 A.2d 840 (1986). The only interest that an administrator has in real property is the power to protect the rights of creditors of the estate. *O'Connor* v. *Chiascione,* supra, 306–308; *Claydon* v. *Finizie,* supra, 526. Although the administrator claims that the property is needed to "satisfy the debts of the estates," the taxes due to the city in which the decedent owned real property must be paid, if there are sufficient assets, prior to the final settlement of the estate. General Statutes § 45a-333. The creditors of the estate do not have priority over the tax liens of the city. Thus, the judgment will have no effect on the rights or interests of the administrator and, thereby, the administrator has no right to intervene.

The question of permissive intervention is committed to the sound discretion of the trial court. *Polymer Resources, Ltd.* v. *Keeney,* supra, 32 Conn. App. 352. " 'Our cases establish that, in determining whether to grant a request for permissive intervention, a court should consider several factors: the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the

intervention in resolving the controversy. . . . A ruling on a motion for permissive intervention would be erroneous only in the rare case where such factors weigh so heavily against the ruling that it would amount to an abuse of the trial court's discretion.' (Citations omitted; internal quotation marks omitted.) *In re Baby Girl B.,* supra, [224 Conn.] 277–78; *Milford* v. *Local 1566,* 200 Conn. 91, 94, 510 A.2d 177 (1986); *Horton* v. *Meskill,* supra [187 Conn. 197]." *Polymer Resources, Ltd.* v. *Keeney,* supra, 352.

Applying these factors, we conclude that the trial court did not abuse its discretion in denying the motion to intervene. The administrator's interest in the property is minimal and there is no necessity to have the administrator as a party in order to resolve the controversy. Thus, the trial court properly denied the administrator's motion to intervene.

## II

The defendant next claims that the trial court improperly rendered judgments of foreclosure because it lacked jurisdiction based on the service of process on the parties and because the service of process violated the parties' constitutional rights.

"Once the matter of lack of subject matter jurisdiction comes to the attention of the trial court . . . the trial court can proceed no further until the issue is resolved. *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81 (1946); see also *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* 227 Conn. 848, 851, 633 A.2d 305 (1993) . . . . 'Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' Practice Book § 145; see *Polymer Resources, Ltd.* v. *Keeney,* 227 Conn.

545, 557, 630 A.2d 1304 (1993)." *Ertel* v. *Carothers*, 34 Conn. App. 18, 21–22, 639 A.2d 1055 (1994).

In a civil action, General Statutes § 52-57 requires service on an individual "by leaving a true and attested copy of it, including the declaration or complaint, *with the defendant,* or at his usual place of abode, in this state." (Emphasis added.) There is no requirement, whatsoever, that service be on the parent or guardian of a defendant who is a minor. The service is made in the usual way as though the defendant were of majority. E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 26 (j). Thus, there is no requirement for service on a parent or guardian in Connecticut when the defendant is a minor. Further, the defendants do not claim that they did not receive adequate notice of the action. They did not indicate any defense that they were deprived of asserting or claim any prejudice from the type of service effected. Therefore, the service on the defendants was proper and the defendants were not deprived of due process of law.

The judgments are affirmed and the cases are remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.