[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW MOTION FOR JOINDER — NO. 145
The present action arises out of the dissolution and winding up of corporate affairs of the defendant, Stavola/Manson Electric, Inc. In 1988, the plaintiff, Anca Stacescu, a fifty percent shareholder in the defendant corporation, filed this action seeking, inter alia, a judicial dissolution, an accounting and the appointment of a receiver based on allegations of shareholder and directorial deadlock within the corporation. David Manson, the person who seeks to be joined as a party to the present action, is a fifty per cent shareholder, as well as an officer and director of the corporation. The plaintiff does not name Manson as a defendant, and does not assert any claims against Manson in his personal capacity or in his capacity as a shareholder and director of the corporation.
On January 3, 1989, an appearance was filed on behalf of Manson for the purpose of obtaining an appraisal of his share of stock. On February 14, 1989, the court, Mihalkos, J., appointed Richard Winters as a temporary receiver for the corporation. On February 8, 1990, another appearance was filed on behalf of Manson. On October 18, 1990, Manson filed a motion for "removal of receiver and appointment of a successor receiver." This motion was never acted on by the court. On November 12, 1991, Manson filed yet another appearance. On December 30, 1991, Manson filed a second "motion for removal of receiver." The file reflects that the court never acted on this motion. CT Page 449
The case was subsequently dismissed based on the plaintiff's failure to prosecute the action. On June 6, 1994, David Manson filed a pro se appearance and several motions (motion for hearing, #136; motion for accounting #137; and motion for opposition to attorney's fees #138). On June 21, 1994, the court, Fuller, J., granted the receiver's motion to "reopen" (#135) so that the receiver could file a final report and accounting.
On June 28, 1994, the receiver filed a motion to strike the pro se appearance of Manson on the ground that he lacked standing because he was not named as a defendant. On July 11, 1994, the court, Fuller, J., granted the receiver's motion and denied Manson's motion (filed pro se on June 6, 1994).
On August 3, 1994, an attorney entered an appearance on behalf on Manson, and filed a motion to vacate attorney's fees (#142), a motion for an accounting (#143), and a motion "for hearing to sue receiver" (#144). On August 15, 1994, Manson filed a "motion for joinder" (#145) pursuant to §§ 52-102 and 52-107. Manson seeks to be joined as a party because as a shareholder, officer, director and creditor of the defendant corporation, he is an interested party with a stake in the present case, and because his interest is adverse to the plaintiff's interest. Manson alleges that the receiver committed various acts of misconduct. Manson further alleges that the plaintiff is not a legal shareholder of the corporation and that the plaintiff "bilked" the corporation of a substantial amount of money.
On December 5, 1994, the receiver filed an objection to Manson's motion for joinder. The receiver opposes such "joinder" on the ground that Manson lacks standing as per Judge Fuller's earlier ruling with respect to the receiver's motion to strike Manson's pro se appearance. The receiver contends that Manson's claims are all on behalf of the corporation, and as such, should be brought in the context of a separate shareholder derivative action. The receiver also contends that Manson makes various misstatements of fact in his motion (i.e., the receiver contends that Manson is only a fifty per cent shareholder as opposed to the "primary shareholder", and that Manson is not a "primary creditor" of the corporation).
This court declines to treat Judge Fuller's earlier decision as law of the case because that decision did not CT Page 450 address the issue that is presently pending before the court. A review of the transcript of the July 11, 1994 short calendar argument reveals that Judge Fuller struck Manson's pro se appearance on the ground that an officer or shareholder or director of a corporation who is not an attorney cannot file a pro se appearance on behalf of the corporation in order to assert claims which belong to the corporation. (Transcript, pp. 8-9.) The court also noted that Manson could not assert individual claims that he may have against the receiver or the plaintiff because he was not a party to the present action; (Transcript, p. 9.); and that Manson might have some valid claims if he commenced his own action. (Transcript, p. 7.) Thus, Judge Fuller, in striking Manson's pro se appearance, never reached the specific issue of whether Manson may be "joined" as a party to the present action.
Manson, in filing a "motion for joinder," seeks to intervene in the present action. General Statutes § 52-107
provides in part that:
 The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in.
See also Practice Book § 99. An applicant for intervention as of right must demonstrate an interest "of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." (Internal quotation marks omitted.) Horton v. Meskill,187 Conn. 195, 445 A.2d 579 (1982).
 [T]o qualify for intervention as of right . . . an applicant must thus meet each of four conditions: (1) The application must be timely. (2) The applicant must claim an interest relating to the transaction that is the subject of the action. (3) The applicant must show that its ability to protect that interest may as a practical matter be impaired or impeded by disposition of the action. (4) The applicant's interest must not be adequately represented by the existing parties. Failure to meet any one of the conditions is sufficient to deny intervention as of CT Page 451 right.
(Citations omitted; internal quotation marks omitted.) StateBoard of Education v. Waterbury, 21 Conn. App. 67, 72,571 A.2d 148 (1990). Where the intervention sought is permissive in nature, the court has broad discretion in adding new parties.Horton v. Meskill, supra 187 Conn. 192.
 The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by existing parties the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court.
Id., 197. See also Tax Collector v. Miley, 34 Conn. App. 634,639-40, 642 A.2d 747 (1994).
In the present case, the plaintiff seeks a judicial dissolution and winding up of the defendant's affairs. In so doing, the plaintiff does not allege any causes of action against Manson. A petition for dissolution to the superior court is controlled by General Statutes § 33-381, which provides in pertinent part:
 (b) In proceedings brought pursuant to this section, process shall be served on the corporation . . ., such notice shall be given to the board of directors and such other interested persons as the court deems proper, and it shall not be necessary to make shareholders parties thereto unless relief is sought against them personally.
(Emphasis added.) A petition for wind-up of affairs to the superior court is controlled by General Statutes § 33-382, which provides in pertinent part:
 (c) In proceedings brought pursuant to this section, process shall be served on the corporation . . ., such notice shall be given to the board of directors and such other interested persons as the court deems proper, and it shall not be necessary to makeCT Page 452 shareholders parties thereto unless relief is sought against them personally.
(Emphasis added.)
Under the statutes, it is not necessary for persons or entities other than the corporation to be made parties to the action (except where the plaintiff seeks relief from an individual shareholder or shareholders). Thus, Manson has no express statutory right to intervene in the present case.
While Manson may have an interest in the present action by virtue of this status as a director, officer, creditor and shareholder of the defendant corporation, and that his interests may be affected by the final judgment rendered in the present case, these factors are not sufficient to allow him to intervene as of right. "[A] person or entity does not have a sufficient interest to qualify for the right to intervene merely because an impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another."Horton v. Meskill, supra, 187 Conn. 195. In the present case, an action for judicial dissolution and winding up of corporate affairs, the judgment will directly and primarily affect the defendant corporation. The controlling statutes support this conclusion, as they require the plaintiff to serve process only upon the corporation. Thus Manson cannot intervene as of right in the present action.
In considering the first factor for permissive intervention, Manson's intervention is untimely because his application was filed in 1994 and the present action was commenced in 1988. Also, dissolution of the corporation is almost complete at this time, as all that remain is for the receiver to file a final report and accounting. In considering the second factor, as stated above, the interests that will be affected in this case belong to the corporation, and not to the directors, shareholders or any other interested persons.
With respect to the third, fourth and fifth factors, the court may presume that Manson's interests will be protected by the receiver, as a receiver "is generally viewed as an officer of the court occupying a position of a custodian of the property in receivership and owing to all persons in such property a discharge of his duties and in good faith and impartially CT Page 453 insofar as they are concerned." 65 Am.Jur.2d, Receivers, § 135. While Manson alleges that the receiver engaged in improper conduct in winding up the defendant's affairs, these claims can be pursued in a separate action. To attempt to litigate these claims in the context of a dissolution action would only complicate the proceedings, cause an unnecessary delay, and prejudice the existing parties. While it is noted that Manson also claims that the plaintiff "bilked" the corporation allowing Manson to intervene to assert such a claim is unnecessary for purposes of dissolving the defendant corporation. Manson's claim against the plaintiff, if proven, would constitute a wrongful act against the corporation, as opposed to a wrongful act against Manson in his personal capacity. Manson must assert such a claim in the context of a shareholder derivative action. See, e.g., Yanow v. Teal Industries, Inc., 178 Conn. 262, 281422 A.2d 311 (1979). Manson's right to proceed in a derivative capacity after the dissolution of the corporation is preserved by General Statutes § 33-378. Therefore, it is found that there are no compelling reason for permitting Manson to intervene in the present action.
Accordingly, the court denies Manson's "motion for joinder."