[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT No. 166
Before the court is the second motion for summary judgment filed by the plaintiff, Dime Savings Bank of New York (Dime). Dime is attempting to foreclose a mortgage granted to it by several individuals including Sarah A. Valentine, the mother of defendant, S. Elizabeth Valentine (defendant). The defendant gained her title to the property by operation of law after her mother's death.
The facts of this case are set forth at length in this court's January 19, 1995 memorandum of decision on the plaintiff's motion for summary judgment. Therein, the court found, at page 7, that "no genuine issue of material fact exists with regard to the need of Margaret A. Valentine to execute a mortgage deed in her capacity as administratrix of Gordon R. Valentine's estate. Accordingly, the defendant is precluded from claiming any title interest adverse to the plaintiff." Further, at pages 7-8, the court wrote "[m]oreover, the defendant's contention that a genuine issue of material fact exists with regard to what portion of Gordon R. Valentine's estate, if any, was intended to be encumbered is irrelevant at this stage of the case in light of not only Gordon R. Valentine's death, but, as previously stated, the lawful chronological descent to his widow [Sarah] of his one-fifth interest in the real property at issue."
The court, however, in the original decision, denied Dime's motion for summary judgment as a genuine issue of fact existed concerning the necessity of substituting the estate of Sarah A. Valentine as a party defendant in this matter after the death of Sarah A. Valentine. Subsequent to the court's ruling, Dime withdrew its claims against Sarah A. Valentine and elected to pursue its claims only as against the defendant.
On June 23, 1995, Dime filed another motion for summary judgment as to the defendant only. In support of its motion, Dime filed a lengthy memorandum. In connection with the motion, Dime also filed the affidavits of Janice S. Kyser and Joseph A. Zebzda, which establish that the promissory note executed by Sarah A. Valentine and others is in default. Further, the CT Page 12869 affidavits establish that the note was secured by the property which is subject to this foreclosure action. In addition, Zebzda avers that the note and mortgage were recorded on the Newtown land records.
On July 7, 1995, the defendant filed a memorandum in opposition to Dime's motion. No evidentiary material was provided in support of the opposition.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."' Water WayProperties v. Colt's Manufacturing Co., 230 Conn. 660, 664,646 A.2d 143 (1994). "Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. City of NewHaven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Id.
The court's prior memorandum of decision is dispositive of Dime's motion. The only issue of fact with respect to the prior motion revolved around the need to substitute the estate of Sarah A. Valentine for Sarah A. Valentine after her death. As a result of the withdrawal of the action against Sarah A. Valentine, the issue of fact has now disappeared. Therefore, the only issue before the court presently is whether the defendant, as an heir at law, can have her interest foreclosed since "the defendant is precluded from claiming any title interest adverse to the plaintiff." Dime v. Valentine, supra, 8.
At the time of Sarah A. Valentine's death, title to the property passed to the defendant subject to the rights of administration. Tax Collector v. Miley, 34 Conn. App. 634,639, 642 A.2d 747 (1994). At the time the title passed, the property was subject to a mortgage now held by Dime. Ms. Kyser avers that the note is in default and has not been paid. Dime has requested in count two of its complaint that the mortgage be foreclosed.
In opposition to the motion, the defendant has provided no CT Page 12870 evidence to contradict the facts supplied by Dime. The defendant simply asserts in her memorandum that a genuine issue of fact exists. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted.) (Internal quotations marks omitted.) Water Way Properties v. Colt's ManufacturingCo., supra, 230 Conn. 664-65.
Dime has established that the note is in default, that the mortgage was recorded and that it was in effect at the time title passed to the defendant. Therefore, Dime has carried its burden of showing the nonexistence of all material facts. The defendant has not proffered any evidence to refute Dime's filings. As a result, as a matter of law, Dime is entitled to summary judgment.Water Way Properties v. Colt's Manufacturing Co.,
supra, 230 Conn. 664-65.
Accordingly, the court grants Dime's motion for summary judgment.
Stodolink, J.