[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In this case the defendant is being sued for her alleged negligence in the operation of a motor vehicle which resulted in claimed injury and loss to the plaintiffs.
At the time of service of process the defendant was sixteen and she was also sixteen on the date of the accident. The complaint was made against her individually and service was also made against her individually pursuant to § 52-54 of the General Statutes and not upon her parent or next friend.
The defendant has now filed a motion to dismiss claiming the court does not have jurisdiction over the defendant; process is defective for failure to bring the action against the defendant minor through her parent or next friend and service of process is defective for failure to make service upon the defendant minor through her parent or next friend.
The defendant refers to "well settled" Connecticut law that a minor cannot bring a civil action before the court except through her parent or guardian and next friend, Cottrell v. Conn. Bank Trust Co., 175 Conn. 257, 261 (1978); McCarrick v. Kealy,70 Conn. 642, 646 (1898). The defendant cites no authority but uses the analogy of this rule to argue that a similar rule should apply when a defendant minor is sued. She argues that a defendant minor "theoretically" has much more to lose and has more rights that may be jeopardized than a minor plaintiff. CT Page 4332-UUUU
This question has been dealt with in a recent opinion, TaxCollector v. Miley, 34 Conn. App. 634, 641 (1994), where the court said: "There is no requirement, whatsoever, that service be on the parent or guardian of a defendant who is a minor. The service is made in the usual way as though the defendant were of majority." Miley was a foreclosure action but that does not provide a basis to make a distinction between that case and this.Miley referred to Connecticut Civil Procedure, Stephenson, Vol. I § 26(j) which states that the fact that a defendant is a minor does not change the law, absent a statute as to the method of service of process. That being the case, it would be incongruous to say the action itself cannot be brought against the child. Actions against children for their torts have been recognized at common law as the plaintiff notes. Prosser 
Keaton, Torts, Fifth ed. p. 81, cf. § 52-572 of the General Statutes which makes parents vicariously liable for certain actions of unemancipated minors but which in subsection (b) states the section should "not be construed to relieve the minor or minors from personal liability for damage or injury."
The Miley case requires a denial of the motion to dismiss but there are reasons to make a distinction between minor plaintiffs and minor defendants with regard to proceeding against them through parent or guardian or making service on them through parent or guardian. It is not practically possible for a minor child to bring an action on his or her own behalf. Thus just to initiate the action it is necessary that the parent or guardian bring suit on the child's behalf. That being the requirement, once the case is in court, the court can rely on the parent or guardian to protect the child's interest.
The suit against a child in its initiation obviously requires no preparation or involvement of the child defendant. When the child is sued and the case is returned to court, the court has the power pursuant to P.B. § 484 to appoint a guardian and should do so if the parent or guardian by the time the case comes to court has not taken steps to protect the child's interest. Stephenson suggests that the safer course for a plaintiff is to ask the court to appoint a guardian for a minor defendant if the minor is not otherwise represented or protected in court proceedings.
So as a defendant a minor child for all practical purposes is fully protected. And I would be concerned about adopting the rule CT Page 4332-VVVV suggested by the defendant — it might make life unnecessarily difficult for plaintiff's counsel attempting to sue individuals who are in effect emancipated minors not living at home with no guardian where the statute of limitations is about to expire. The plaintiff is protected if he or she can sue the minor directly relying on the fact that in the overwhelming majority of cases the child lives with a parent or guardian who will protect his interest and the child is protected by the power (and obligation in appropriate circumstances) to appoint a guardian for any child brought before it emancipated or not.
The motion is denied.