[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This motion to dismiss has been brought by the defendant, First Stamford Corporation ("Stamford"). Stamford proposes to construct a food store and related commercial buildings and CT Page 3915 parking therefore on the (Greenwich-Stamford line on U.S. Route One in Stamford, Connecticut. As it must under General Statutes § 14-311, on April 2, 1996, Stamford sought from the State Traffic Commission ("STC") a permit for such development. Record on Appeal #1 (Hereinafter "R"). During the permit process, the plaintiff on November 26, 1996, filed a verified pleading, seeking intervenor status in the proceedings pursuant to General Statutes § 22a-19(a). R. #83. On December 2, 1996, Richard Howard for the STC wrote to the plaintiff denying him intervenor status. R. #84. According to the transcript of the proceedings of the STC for January 21, 1997, the plaintiff acknowledged that he had been denied intervenor status by Howard's December 2, 1997, letter.[1] Transcript, R. #121 at 7. At the January 21, 1997, meeting, the permit was approved by the STC. R. #122. The plaintiff thereafter brought this administrative appeal dated March 3, 1997, on three grounds: First that he was wrongly denied intervenor status, second that the STC erred in not considering the environmental factors set forth in Conn. Gen. Stat. §22a-19(b) and third, that the STC decision to grant the permit was erroneous as a matter of fact and law.
In its memorandum of law dated February 17, 1998, Stamford argues that the Superior Court lacks subject matter jurisdiction to consider the issue of whether the plaintiff was improperly denied intervention because his administrative appeal was not timely brought on this issue.[2] The Court agrees for the reasons stated below.
PLAINTIFF'S ADMINISTRATIVE APPEAL WAS UNTIMELY.
General Statutes § 14-311(e) permits "any person aggrieved by any decision" of the STC to take an administrative appeal from these actions pursuant to the provisions of the Uniform Administrative Procedure Act. Were it not for this statutory provision, an administrative appeal would not be permitted, because the proceedings of the STC do not constitute a contested case. See Town of Newington v. State TrafficCommission, judicial district of Hartford-New Britain at Hartford, Docket No. 525743 (January 5, 1995), modifying the jurisdictional result of Town of Southington v. State TrafficCommission, judicial district of Hartford-New Britain at Hartford, Docket No. 362840 (January 14, 1991). Under theNewington decision, the procedural requirements of the UAPA are imposed on the plaintiff in the taking of the appeal. Id. CT Page 3916
The Court is thus faced with deciding whether the December 2, 1996, letter constituted a final decision in the circumstance where the procedural rules of the UAPA are being applied to what otherwise would be a non-UAPA situation. Taking a look at the issue under these constraints, it appears that the decision to deny intervenor status was communicated to the plaintiff by a letter from the STC dated December 2, 1996, thus meeting the requirement for finality set forth in General Statutes § 4-180
(final decision in writing or orally stated on the record). The plaintiff was well aware that this denial had occurred. Moreover, as Stamford points out, the denial by an agency of a motion for intervention claimed as of right, creates at that moment the right to appeal from the agency to the Superior Court.Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 536, 582 A.2d 1174
(1990). The right to intervene in an agency proceeding under General Statutes § 22a-19(a) is one of right. Red HillCoalition, Inc. v. Town Planning and Zoning Commission,212 Conn. 727, 734, 563 A.2d 1347 (1989); Keeney v. Fairfield Resources,Inc., 41 Conn. App. 120, 129, 674 A.2d 1349 (1996) (noting the "very broad language" of Conn. Gen. Stat. § 22a-19(a)); TaxCollector of the City of New Haven v. Miley, 34 Conn. App. 634,636, n. 2, 642 A.2d 747 (1994) (denial of intervention as a matter of right "was appealable at the time of denial.")
The Court disagrees with the arguments put forth by both the plaintiff and the STC contending that the decision was not final on issuance of the STC letter of December 2, 1996. The plaintiff refers to the case of State of Connecticut v. State Employees'Review Board, 231 Conn. 391, 650 A.2d 158 (1994) to argue that he was to be allowed the right to address the STC at future meetings and therefore the denial of intervention was not final. It is clear, however, that such participation was not as an intervenor and was limited to traffic issues. The plaintiff's environmental
standing and his attempts to raise environmental hazards were rejected by the STC in the December letter. To quote Employees'Review Board at 403, the process of administrative decision making [had] reached a stage where judicial review [would] not disrupt the orderly process of adjudication. . . ."[3] It is irrelevant that perhaps the STC might have denied the permit on the traffic grounds.
The STC argues further that while technically intervention had been denied, because of General Statutes § 14-311(e), on the showing of aggrievement, the plaintiff would still have the right to appeal. Therefore, according to the STC, it is CT Page 3917 unnecessary to dismiss the claim for failure to appeal the denial of intervention in a timely manner. STC's position overlooks the importance of the allowance of intervention under General Statutes § 22a-19(a). Under Red Hill, supra, the environmental intervenor has been given special standing to pursue a claim. Without such environmental standing, aggrievement must be demonstrated in the traditional manner, by a showing of injury. The Court also notes that the Town of Greenwich was initially denied and then permitted intervenor status under General Statutes § 22a-19(a) in this matter (see R. #121) and did in fact take a separate appeal from the January 21, 1997, decision.[4]
The Court thus concludes that the plaintiff's appeal on the issue of the denial of intervention was untimely. General Statutes § 4-183(c) provides that an administrative appeal must be brought within 45 days of the final decision. Here the appeal was brought in March, 1997, clearly beyond this deadline. The motion to dismiss is proper as to the claim in this administrative appeal that intervention under General Statutes § 22a-19(a) was improperly denied. Novicki v. City of NewHaven, 47 Conn. App. 734, 739,-A.2d-(1998): "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case."
THE PLAINTIFF'S FURTHER CLAIMS
This suit is timely as to the additional claims of plaintiff as it was brought within 45 days of the final decision on the permit. This portion of the administrative appeal may continue, however, only so long as the plaintiff is an "aggrieved person" as this term is used in the Newington and Southington cases,supra.
CONCLUSION
The motion to dismiss is granted. Further hearing, as scheduled, is necessary on the remaining issues.
So Ordered.
HENRY S. COHN JUDGE CT Page 3918