## TOWN OF VERNON *v.* RUMFORD ASSOCIATES IV ET AL.
### (AC 18180)

Foti, Lavery and Hennessy, Js.

Argued March 15—officially released June 15, 1999

*Louis A. Spadaccini*, with whom, on the brief, was *Frank R. Borowy*, for the appellant (named defendant).

*Martin B. Burke*, for the appellee (plaintiff).

### Opinion

FOTI, J. The named defendant,[1] Rumford Associates IV (Rumford), appeals from the judgment of the trial court awarding additional attorney's fees to the plaintiff, the town of Vernon, together with fees to the committee of sale following a judgment of foreclosure by sale. Rumford claims that the trial court improperly

---

[1] The named defendant is the sole appellant in this case. Other defendants, who are named in the complaint but not parties to this appeal, are Community National Bank, Gino L. Donato and Mountain View Condominium Association, Inc.

awarded these fees in violation of an automatic bankruptcy stay of proceedings. We affirm the judgment of the trial court.

The plaintiff brought the underlying action in 1993 to foreclose tax liens on a condominium owned by Rumford in the Mountain View Condominium complex located in Vernon. On December 23, 1996, the trial court, *Rittenband, J.*, rendered a judgment of foreclosure by sale, finding the debt to be $12,897.49, and awarding counsel fees of $1750. A sale date was set for August 16, 1997. No appeal was filed at that time.

On August 4, 1997, Rumford was converted into a limited liability company, Serov Associates, LLC (Serov), pursuant to General Statutes § 34-199.[2] On August 6, 1997, Serov filed a motion to be substituted as a party defendant in lieu of Rumford based on the August 4, 1997 conversion. In the alternative, Serov sought permissive intervention or intervention as of right. The plaintiff objected to both substitution and intervention and argued that Rumford was attempting to shield itself from personal liability by converting to a limited liability company.

On August 12, 1997, Serov filed for bankruptcy protection and notified the committee of sale of the filing. Thereafter, on August 20, 1997, Serov filed a notice of automatic stay regarding its bankruptcy with the trial court. On January 20, 1998, the trial court, *Hon. Harry*

[2] General Statutes § 34-199 (a) provides: "A general partnership formed under the provisions of sections 34-300 to 34-434, inclusive, or a limited partnership formed under the provisions of sections 34-9 to 34-38q, inclusive, may convert to a limited liability company by filing articles of organization that meet the requirements of section 34-121, and include the following: (1) A statement that the limited liability company is formed as the result of the conversion of a general partnership or a limited partnership; (2) the name of the former general partnership or limited partnership; and (3) in the case of a general partnership, its initial date of formation, or in the case of a limited partnership, the date of filing of the initial certificate of limited partnership."

*Hammer*, judge trial referee, denied Serov's August 6, 1997 motion to be made a party defendant or, in the alternative, to be allowed to intervene. No appeal was taken from that decision.

On January 27, 1998, the committee of sale filed a motion for an assessment of fees and expenses against Rumford seeking $4320.70 in costs for the delay of the sale. The plaintiff also filed a motion for additional counsel fees totaling $2484. On February 3, 1998, the trial court granted both motions without prejudice to allow Rumford an opportunity to file a written objection stating why the fees were unreasonable. The trial court found that "but for the notice of filing of bankruptcy, none of [the] expenses and counsel fees would have been incurred." Rumford failed to file written objections as permitted by the trial court.

On March 5, 1998, Rumford filed this appeal alleging that the trial court improperly awarded the fees in violation of the bankruptcy court's automatic stay and improperly opened the judgment to award counsel fees.[3] On May 26, 1998, the plaintiff was allowed to proceed with the foreclosure of the tax liens when it obtained relief from the automatic stay from the bankruptcy court. On August 15, 1998, the bankruptcy case was dismissed.

On appeal, Rumford argues that it converted to a limited liability company, Serov, and that Serov's bankruptcy filing stayed any action by the trial court regarding the foreclosure until relief was obtained or the bankruptcy case was disposed. We do not agree because Serov was not permitted to become a party to this action and did not become a party by operation of law.

[3] The record of the February 3, 1998 proceedings does not disclose that the trial court opened the judgment of December 23, 1996; rather, the court appears to have intended only to supplement that judgment by awarding additional attorney's fees to the plaintiff and fees to the committee.

A general or limited partnership may convert to a limited liability company by following certain procedures. See General Statutes § 34-199 (a). Once the procedures have been followed, "[a] general or limited partnership that has been converted to a limited liability company . . . shall be deemed for all purposes the same entity that existed before the conversion . . . ." General Statutes § 34-200 (a). Upon conversion, "[a]ll property owned by the converting general or limited partnership remains vested in the converted entity . . . ." General Statutes § 34-200 (b) (1).

In addition, "an action or proceeding pending against the converting . . . partnership *may be continued as if the conversion had not occurred*"; (emphasis added) General Statutes § 34-200 (b) (3); as may "an action or proceeding pending against any person in such person's capacity as a general partner in a converting general or limited partnership . . . ." General Statutes § 34-200 (b) (4). All liabilities of any partner, general or limited, in such a converting partnership "shall continue as liabilities of such person, except as may be provided in the operating agreement with respect to those liabilities of such person to other members of the limited liability company that has been converted pursuant to section 34-199." General Statutes § 34-200 (b) (5).

While the conversion allowed Serov, a limited liability company, to be the same entity that existed before the conversion, i.e., Rumford, it did not automatically allow Serov to be a party in the plaintiff's foreclosure action against Rumford by operation of § 34-200. The question of whether Serov should have been allowed to intervene as a matter of right,[4] or even allowed the consideration

---

[4] "An applicant for intervention has a right to intervene under Practice Book § 99 [now § 9-18] where the applicant's interest is of such a *direct* and *immediate* character that the applicant will either *gain* or *lose* by the direct legal operation and effect of the judgment. . . . [*Horton* v. *Meskill*, 187 Conn. 187, 195, 445 A.2d 579 (1982)]. [A] person or entity does not have a sufficient interest to qualify for the right to intervene merely because an

of permissive intervention,[5] is not an issue before us because no appeal was taken from the denial of the motion to substitute or intervene. Serov never became a party to this matter and, therefore, no party in this matter filed for bankruptcy protection.

Because the action pending against Rumford was properly allowed to continue "as if the conversion had not occurred"; General Statutes § 34-200 (b) (3); and because Rumford, a party to this action and the record title holder, was not under bankruptcy protection at the time the trial court acted regarding these fees, the awarding of additional fees was not improper.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

impending judgment will have some effect on him, her, or it. The judgment to be rendered must affect the proposed intervenor's direct or personal rights, not those of another. Id." (Emphasis in original; internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 740–41, 699 A.2d 73 (1997).

[5] "The question of permissive intervention is committed to the sound discretion of the trial court. *Polymer Resources, Ltd.* v. *Keeney*, [32 Conn. App. 340, 352, 629 A.2d 447 (1993)]. Our cases establish that, in determining whether to grant a request for permissive intervention, a court should consider several factors: the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in resolving the controversy. . . . A ruling on a motion for permissive intervention would be erroneous only in the rare case where such factors weigh so heavily against the ruling that it would amount to an abuse of the trial court's discretion." (Internal quotation marks omitted.) *Tax Collector* v. *Miley*, 34 Conn. App. 634, 639–40, 642 A.2d 747 (1994).

[6] Rumford does not claim on appeal that the fees were either unreasonable or unwarranted but only that the trial court opened the judgment and awarded those fees in violation of the automatic stay of proceedings.