[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO INTERVENE (#103)
This action is in essence a nuisance dispute between condominium owners. The plaintiffs, unit 2F, claim that the defendants, unit 3F, engage in disruptive conduct which interferes with the enjoyment of their unit. Specifically, the plaintiffs allege that one of the defendants, Roger Chang, the minor son of the other two defendants, "runs back and forth in the Chang unit, jumps and pounds on the floor, shouts and engages in other disruptive conduct."
By way of background Roger Chang has an alleged developmental disability which inter alia manifests itself in disruptive behavior. At issue is James McGaughey's motion for intervention #103 on behalf of Roger Chang, a disabled person. James McGaughey is the executive director of the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities (intervenor).
The intervenor argues that his motion for intervention should be granted pursuant to General Statutes §§ 46a-11(4) and46a-11(7).[1] In the alternative the intervenor argues that he is entitled to permissive intervention based on inter alia his expertise in the subject area and Roger Chang's request, through counsel, for assistance. Important to note is that the defendants, including Roger Chang, have already retained counsel and that the defendants' counsel has argued in court on behalf of the CT Page 15464 defendants on this very motion. By contrast, the plaintiffs argue that there is no right of intervention because General Statutes §46a-11 only applies to facilities and services provided by the state.
After extensive research this court has not found any Connecticut decisions discussing the issue of whether General Statutes § 46a-11 applies to disputes between private condominium owners. In fact, § 46a-11 is not discussed anywhere in Connecticut case law and the parties have not cited to any authority which would suggest otherwise. Accordingly, this court looks to traditional rules of statutory construction in interpreting whether the statute applies to the facts as alleged in this case.
Words used in statutes "shall be construed according to the commonly approved usage of the language. . . ." General Statutes § 1-1(a). "The factors that [the Supreme Court] looks to in construing a statute include its legislative history, its language, the purpose it is to serve, and the circumstances surrounding its enactment." (Internal quotation marks omitted.)West Haven v. Hartford Ins. Co., 221 Conn. 149, 158, 602 A.2d 988
(1992).
Turning to General Statutes § 46a-11, there is no pertinent legislative history which indicates that there should be intervention as of right. Also, the language of § 46a-11(7) indicates that the intervenor may intervene when "matters related to this chapter are in issue." In this case, matters related to this chapter are not in issue. This is a case involving a private dispute between individuals as to noise levels and the right to quiet enjoyment. Specifically, § 46a-7, the first section of the chapter on the protection and advocacy for persons with disabilities, explains that the state's mandate is to coordinate services for the disabled among various state agencies charged with their care. Section 46a-11(6), mentions involvement with private agencies. The applicable statutes, however, do not mention giving the intervenor the right to intervene in private nuisance disputes. Moreover, granting the right to intervene in these types of disputes would set a precedent whereby the argument for intervention could be made in just about every case where a disabled person is a party, something the legislature probably did not intend. Absent further guidance by the legislature this court is reluctant to grant the motion to intervene as of right on these specific facts. Accordingly, the intervenor's motion for CT Page 15465 intervention as of right is denied.
Having found that the intervenor is not entitled to intervention as of right this court now addresses the arguments in favor of permissive intervention. "The question of permissive intervention is committed to the sound discretion of the trial court." Tax Collector v. Miley, 34 Conn. App. 634, 639,642 A.2d 747 (1994). "The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Horton v. Meskill,187 Conn. 187, 197, 445 A.2d 579 (1982).
This court finds that the intervenor has made a good case for permissive intervention. Specifically, the motion to intervene is: one, timely; two, the intervenor has an interest in the outcome of this litigation as he is an advocate for people with disabilities; three, the parties, namely the intervenor and the defendants' counsel, represented at oral argument that the intervenor is better suited to representing the defendants as he is an expert in this area; four, there is no delay or prejudice to any of the parties by granting intervention and; five, the intervenor may bring about a quicker and more efficient resolution to this dispute as he is an expert in this area and may be able to bring issues to this court's attention which may not have been brought by the other parties.
Accordingly, this court grants the intervenor's motion for permissive intervention. So ordered.
KARAZIN, J.